FILED
2022 MAR 10 PM 2:22
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEFFERSON L., <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:20-cv-00740-CMR <br><br> **MEMORANDUM DECISION AND ORDER** <br><br> Magistrate Judge Cecilia M. Romero |

      This matter is before the court by the consent of the parties pursuant to 28 U.S.C. § 636(c) (ECF 14). After careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on February 16, 2022 (ECF 37), the court concludes that the Commissioner's decision is supported by substantial evidence and legally sound and is, therefore, AFFIRMED for the reasons discussed below.

## FACTUAL BACKGROUND

      Plaintiff applied for DIB in June 2019 under, alleging disability as of May 17, 2019, due to post-traumatic stress disorder, fibromyalgia, sleep apnea, degenerative back issues, chest and upper extremity pleural neuropathy, and depression (Administrative Transcript (Tr.) 85, 170). Plaintiff served active duty with the National Guard for 15 years, including in Iraq, and he primarily worked in a supply position (Tr. 227, 383-84). He worked after his military service as a purchasing agent at U.S. Department of Veterans Affairs (VA) hospital (Tr. 384). Plaintiff's May 2019 alleged disability onset is associated with stopping work at the VA (Tr. 227).

Following early administrative denials and a hearing, the Administrative Law Judge (ALJ) issued an unfavorable decision in May 2020 (Tr. 23-37).  In making that determination, the ALJ applied the five-step sequential evaluation for determining disability in adults (Tr. 24-33).  20 C.F.R. § 404.1520.  In his residual functional capacity assessment, the ALJ found Plaintiff was capable of light work, except he could stand and walk only four hours during an eight-hour shift, had postural, reaching, and manipulative limitations, could work in a moderate to quiet noise environment, and could have occasional changes in a routine work setting and occasional social interaction (Tr. 28-29).  20 C.F.R. § 404.1567(b) (defining light work).  Given this residual functional capacity, the ALJ found Plaintiff could not perform his past work but could perform two representative occupations that existed in significant numbers in the national economy (Tr. 36-37).  Consequently, the ALJ found Plaintiff not disabled (Tr. 37).  20 C.F.R. § 404.1520(f)-(g) (to be found disabled, a claimant must be unable to perform past relevant work and other work found in the national economy).  The agency's Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner, and this appeal followed (Tr. 1-3).  20 C.F.R. § 404.981.

## LEGAL STANDARDS

In determining whether a claimant qualifies as disabled, the Commissioner employs a five-part sequential evaluation.  *See* 20 C.F.R. § 404.1520(a)(4).  The analysis evaluates whether:

  (1) The claimant presently engages in substantial gainful activity;
  (2) The claimant has a medically severe physical or mental impairment or impairments;
  (3) The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which preclude substantial gainful activity;
  (4) The impairment prevents the claimant from performing his or her past work; and

(5) The claimant possesses a residual functional capacity to perform other work in the national economy considering his or her age, education, and work experience.

*See id.* A claimant's RFC reflects the ability to do physical, mental, and other work activities on a sustained basis despite limitations from the claimant's impairments. 20 C.F.R. § 404.1545. The claimant has the initial burden of establishing the disability in the first four steps. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).

The court reviews the ALJ's decision to determine whether the record as a whole contains substantial evidence in support of the ALJ's factual findings and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). While substantial evidence is "more than a scintilla," it means only "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Hacket v. Barnhart*, 395 F.3d 1168, 172 (10th Cir. 2005)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). However, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)). Harmless error applies only if "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

## DISCUSSION

**A.      The ALJ reasonably assessed Plaintiff's Residual Functional Capacity.**

Plaintiff makes a number of arguments about the ALJ's assessment of his residual functional capacity, each of which the court finds unpersuasive. Residual functional capacity is the most a claimant can do, despite limitations from impairments. 20 C.F.R. § 404.1545(a)(1). At the administrative hearing level, the ALJ determines the claimant's residual functional capacity based on the relevant evidence. 20 C.F.R. § 404.1546(c). The ALJ must assesses residual functional capacity based on all relevant record evidence. 20 C.F.R. § 404.1545(a)(3). The court finds the ALJ met that requirement here, and his residual functional capacity finding is substantially supported by that evidence. *Biestek*, 139 S. Ct. at 1153.

The ALJ found that Plaintiff had the residual functional capacity to perform light work, *see* 20 C.F.R. § 404.1567(b), except he could stand and walk only four hours during an eight-hour shift, had postural, reaching, and manipulative limitations, could work in a moderate to quiet noise environment, and have occasional changes in a routine work setting and occasional social interaction (Tr. 28-29). This residual functional capacity reasonably accounted for Plaintiff's physical and mental conditions.

> *1.      The ALJ properly evaluated the medical evidence and reasonably assessed Plaintiff's mental residual functional capacity.*

Primarily focusing on the ALJ's discussion of the medical opinion evidence and prior administrative medical findings, Plaintiff argues that the ALJ failed to properly evaluate the medical evidence and his mental residual functional capacity (Plaintiff's Brief (Pl. Br.) (ECF 26) 14-21). The court finds that Plaintiff's argument is without merit.

The agency's new regulations for evaluating medical evidence apply to this case because Plaintiff filed his DIB application after March 27, 2017 (*see* Tr. 23 (noting application date), 29, 34-36). *See, e.g.*, 20 C.F.R. § 404.1520c(b); *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)). Under the new regulations, the ALJ does not "weigh" opinion evidence: "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c. Instead, the ALJ assesses the persuasiveness of medical opinions and prior administrative medical findings based, primarily, on the opinions or finding's supportability and consistency. 20 C.F.R. § 404.1520c(b).

The court finds that the ALJ properly articulated his consideration of the medical opinions and prior administrative medical findings in accordance with the revised regulations and using, as appropriate, the five factors described in 20 C.F.R. § 404.1520c(b) (*see* Tr. 34-36). The court also finds that the ALJ's conclusions are supported by substantial evidence. *Biestek*, 139 S. Ct. at 1154.

In reaching this conclusion, the court specifically addresses one of Plaintiff's arguments regarding the ALJ's discussion of the medical opinions from Christian Agricola, M.D., and James K. Ellis, Ph.D. Plaintiff contends that the ALJ erred in finding generally unpersuasive these doctors' opinions that as of January 1, 2016, Plaintiff essentially had disabling work-related mental limitations and would be absent from work three days per month (Tr. 35-36, 717-21, 1182-83). Plaintiff argues, among other things, that the ALJ erred in discounting these opinions because they were on check-box forms (Pl. Br. 17; Tr. 35). Even if the ALJ erred in

making this distinction, however, the court finds that ALJ gave other valid reasons for discounting Dr. Agricola's and Dr. Ellis's opinions (Tr. 35-36). These reasons included the ALJ's finding that the opinions lacked specificity, clarification, or explanation; were not generally helpful in translating Plaintiff's degree of limitations into mental work-related limitations; and were inconsistent with Plaintiff's ability to work until the May 2019 alleged onset date (Tr. 35-36). 20 C.F.R. § 404.1520c(b) (describing how ALJs articulate their consideration of medical opinions).

The court also finds that the ALJ's light residual functional capacity assessment reasonably accounted for Plaintiff's mental limitations by including restrictions of work in a moderate to quiet noise environment with occasional changes in a routine work setting and occasional social interaction (Tr. 28-29). The ALJ reasonably concluded that the evidence did "not support grater mental limitations" (Tr. 32).

    *2.*    *The ALJ gave valid reasons for discounting Plaintiff's subjective statements.*

Plaintiff argues that the ALJ failed to properly evaluate his subjective statements (Pl. Br. 21-25). An ALJ is not required to set forth a formalistic "factor-by-factor" recitation of the evidence, and an ALJ's discussion is sufficient if he sets forth the specific evidence he relied upon. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). As articulated in *Hackett v. Barnhart*, the ALJ's symptom evaluation are given deference. 395 F.3d 1168, 1173 (10th Cir. 2005) ("Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." (quotation and citation omitted)). The court may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]." *Lax*, 489 F.3d at 1084 (citation omitted). The court finds that the ALJ gave valid

reasons supported by substantial evidence for discounting Plaintiff's subjective symptoms allegations and finding them not consistent with the evidence.

Plaintiff also contends that the ALJ erred in discounting his allegations regarding fibromyalgia pain (Pl. Br. 24). The court disagrees. The ALJ stated that he "fully considered" Plaintiff complaints of pain and limitations from this condition in formulating the residual functional capacity assessment (Tr. 26). Plaintiff also contends the ALJ erred by discounting his fibromyalgia symptoms based on medical findings and course of treatment, and he argues the ALJ improperly relied on x-rays (Pl. Br. 24). But the ALJ did not discount Plaintiff's fibromyalgia pain based on x-rays, and instead the ALJ reasonably noted that diagnostic imaging showed a history of degenerative disc disease in Plaintiff's spine and shoulder (Tr. 30, *see, e.g.*, Tr. 291, 295, 338, 390, 439, 744, 851).

The court has reviewed the decision and finds that the ALJ reasonably explained the basis for his finding that Plaintiff's allegations regarding his symptoms were inconsistent with the record as a whole (Tr. 29-34). *Qualls*, 206 F.3d at 1372 (ALJ's evaluation of a claimant's allegations regarding his symptoms is sufficient if the ALJ sets forth the specific evidence he relied on).

**B.     The ALJ did not error at Step-Five.**

Plaintiff argues that the ALJ relied on a flawed hypothetical question to the vocational expert and failed to resolve a conflict between that testimony and the Dictionary of Occupational Titles (Pl. Br. 25-28). The court concludes that Plaintiff's arguments have no merit.

Plaintiff contends the ALJ's hypothetical question to the vocational expert failed to incorporate the moderate mental limitations that the ALJ found at step three in the "paragraph B"

criteria (Pl. Br. 25; Tr. 28).  This argument is not persuasive because paragraph B criteria ratings are not part of the residual functional capacity assessment.  *Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015) (citing SSR 96-8p, 1996 WL 374184, at *4 (limitations identified in the paragraph B criteria are not an RFC assessment but are used to rate the severity of a mental impairment and the RFC assessment requires a more detailed analysis)); *see Bales v. Colvin*, 576 F. App'x 792, 798 (10th Cir. 2014) (unpublished) ("[W]e conclude that the ALJ's finding of a moderate limitation in concentration, persistence, or pace at step three does not necessarily translate to a work-related functional limitation for the purposes of the [residual functional capacity] assessment in this case.").

Plaintiff argues that another hypothetical that the ALJ posed to the vocational expert was flawed because it contained limitations of making simple work-related judgments and decisions, and understanding, remembering, and carrying out only short and simple instructions (Pl. Br. 25-26; Tr. 36-37, 79).  Citing *Weiderholt v. Barnhart*, 121 F. App'x 883 (10th Cir. 1985), Plaintiff argues that these limitations did not account for his moderate limitations in concentration, persistence, and pace (Pl. Br. 25-26).  *Weiderholt* is distinguishable because the hypothetical that the ALJ relied on here did include mental limitations.  *See Qualls*, 206 F.3d at 1373 (10th Cir. 2000) (finding no error when the ALJ relied upon a hypothetical question to the vocational expert that included all the limitations the ALJ ultimately included in his residual functional capacity assessment).

Plaintiff also argues that the ALJ failed to resolve a conflict between the additional limitations in the alternative hypothetical and the jobs identified by the ALJ as step five (Pl. Br.

8

26-27). This argument fails because the ALJ did not include these additional mental limitations in the residual functional capacity assessment.

**C.     Remand is not required for the ALJ to consider new evidence submitted to the Appeals Council.**

After the ALJ's May 2020 decision, Plaintiff submitted additional evidence to the Appeals Council, including an opinion from registered nurse Carlos E. Bonilla (Pl. Br. 28-29; Tr. 2, 12-17). In its notice denying Plaintiff's request for review of the ALJ's decision, the Appeals Council stated that the evidence did not show a reasonable probability that it would change the outcome of the decision (Tr. 2). Plaintiff asks the court to remand so that the ALJ could consider this evidence (Pl. Br. 28-30). The court is not persuaded that remand is required.

If a claimant submits additional evidence to the Appeals Council after the ALJ's decision, the claimant must establish all of the following: (1) the evidence is new, material, and relates to the period on or before the date of the hearing decision; (2) there is a reasonable probability that the additional evidence would change the outcome of the decision; and (3) there is good cause for not submitting the evidence earlier. 20 C.F.R. § 404.970(a)-(b). If any one of these requirements is not established, the Appeals Council will deny review, making the ALJ's decision the final decision of the Commissioner for judicial review. *See* 20 C.F.R. §§ 404.970, 404.981, 422.210(a).

Because the Appeals Council determined that the evidence did not show a reasonable probability that it would change the outcome of the decision, the Appeals Council did not address whether Plaintiff had established good cause (Tr. 2). Plaintiff's argument does not support a conclusion that the Appeals Council should have provided a more detailed response,

and the court concludes the Appeals Council did not err even though the order did not explain why it reached its conclusion. The court is persuaded by the Tenth Circuit's discussion in *Martinez v. Barnhart*, 444 F.3d 1201, 1208-09 (10th Cir. 2006). In *Martinez*, the Tenth Circuit stated: "While an express analysis of the Appeals Council's determination would have been helpful for purposes of judicial review," this analysis is not required. *Id.*

## ORDER

The ALJ's decision is supported by substantial evidence and is legally sound and is therefore AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

DATED this 10 March 2022.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah